IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SUSAN D. PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-05025-CV-RK |
| | ) |
| CAROLYN COLVIN[1], Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Susan D. Pierce ("Plaintiff")'s appeal seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her disability insurance benefits and supplemental security income. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625

---

[1] Nancy A. Berryhill became acting commissioner of Social Security on January 23, 2017; however, for consistency purposes, the case style in this action remains as originally filed.

(8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: disorder of the cervical spine, attention deficit disorder, learning disability not otherwise specified, major depressive disorder, bipolar mood disorder, generalized anxiety disorder, panic disorder with agoraphobia, posttraumatic stress disorder, borderline personality disorder, alcohol dependence, and Xanax dependence. The ALJ also acknowledged that Plaintiff has been diagnosed with impairments that are not severe and three rule-out mental health diagnoses. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, met or medically equaled the criteria of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("Listing"). Despite Plaintiff's limitations, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several exceptions and limitations. Based on Plaintiff's RFC, the ALJ found Plaintiff was capable of performing her past relevant work as a cleaner/housekeeper. Alternatively, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, the ALJ found Plaintiff was not disabled as defined in the Act from March 26, 2013 through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to whether the ALJ: (1) properly found Plaintiff did not meet the adaptive functioning requirement of Listing 12.05(C), (2) properly weighed the opinion of Nurse Practitioner Barbara Kuzara, and (3) properly formulated Plaintiff's RFC.

To meet the requirements of Listing 12.05(C)[2], a claimant must demonstrate, among other things, "significantly subaverage general intellectual functioning with deficits in adaptive

---

[2] Listing 12.05(C) was deleted from the Listing of Impairments on January 17, 2017. *See* 81 Fed. Reg. 66138 (Sept. 26, 2016). However, the Social Security Administration has indicated that it does not intend for courts to apply the revised Listings in evaluating final agency decisions rendered prior to January 17, 2017. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 n.1 (Sept. 26, 2016) ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions."). Therefore, the Court will analyze Plaintiff's arguments as if Listing 12.05(C) still exists.

functioning initially manifested . . . before age 22." *Scott v. Berryhill*, 855 F.3d 853, 856 (8th Cir. 2017) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)) (internal quotations omitted). Substantial evidence (including evidence that Plaintiff takes care of three children by assisting them with getting ready for school, preparing meals, and putting them to bed; does the laundry and cleans the house; has a driver's license and shops for food; is able to pay bills; sometimes attends doctor's appointments alone; and has no problem with bathing, feedings, and toileting) supports the ALJ's finding that Plaintiff did not demonstrate adaptive function deficits. *See Scott*, 855 F.3d at 856-857 (finding that an individual who did not complete high school, had a history of attending special education classes, read poorly, could not balance a checkbook, could not manage finances or complete forms without assistance, but who was able to maintain unskilled and semi-skilled work for multiple years, generally lived independently, communicated well, had a driver's license, could cook meals, do laundry, and follow instructions, did not show deficits in adaptive functioning). Because the ALJ's decision is supported by substantial evidence, the Court cannot reverse even though there is some evidence (Plaintiff dropped out of high school; was enrolled in special education classes; had trouble with reading, writing and math; had never maintained a savings account and could not manage a checkbook or count change; and did not handle stress well) that may support the opposite conclusion. Additionally, the Court finds that the ALJ properly weighed the opinion of Nurse Practitioner Barbara Kuzara[3] and properly formulated Plaintiff's RFC.[4]

---

[3] The Court agrees that there were inconsistencies in Ms. Kuzara's opinion and treatment notes, and therefore, finds that the ALJ was permitted to discount the weight of Ms. Kuzara's opinion. *See Halverson v. Asture,* 600 F.3d 922, 930 (8th Cir. 2010) (an ALJ may discount the opinion of a treating physician when the opinion is inconsistent with the physician's treatment notes); *Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014) ("A treating physician's own inconsistency may . . . undermine his opinion and diminish or eliminate the weight given his opinions.") (internal quotations and citations omitted).

[4] There is substantial evidence in the record to support the ALJ's RFC determination. An RFC determination must be supported by some medical evidence, but "an ALJ may satisfy this obligation by considering a professional's treatment notes." *Seitz v. Colvin*, No. 5:15-cv-06151-NKL, 2016 U.S. Dist. LEXIS 92707, at *16 (W.D. Mo. July 18, 2016); *see also Bowling v. Colvin*, No. 4:15-CV-03080-DGK-SSA, 2016 U.S. Dist. LEXIS 71104, at *5 (W.D. Mo. June 1, 2016). Importantly, "the ALJ is not required to rely on specific medical opinions in assessing a claimant's RFC, and the ALJ does not in all circumstances need to acquire additional medical opinions to evaluate a record containing conflicting information." *Payne v. Colvin*, No. 2:15-cv-04229-NKL, 2016 U.S. Dist. LEXIS 74371, at *8-9 (W.D. Mo. June 8, 2016). Here, the record was sufficient for the ALJ to make a proper determination without seeking additional medical evidence.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: September 12, 2017